UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MR. KIRK HERSE and MRS. PATRICIA HERSE,

                Plaintiffs,                6:24-cv-0065 (BKS/TWD)

v.

TIMOTHY P. SHEEHAN, JOHN MICHAEL
HIMMELBERG, JUSTIN LOVENDUSKY, HSBC BANK
USA N.A., MIDWEST SERVICING INC, MIDWEST
SERVICING 2 INC, MIDWEST ASSET ACCEPTANCE
GROUP, U.S. Bankruptcy Trustee MARK SWIMELAR,
and JOHN and JANE DOES 1–10 yet to be identified,

                Defendants.

---

**Appearances:**

*Plaintiffs Pro se:*
Kirk Herse
Patricia Herse
Lowville, NY 13367

*For Defendants Timothy P. Sheehan, John Michael Himmelberg, Justin Lovendusky, Midwest Servicing Inc., Midwest Servicing 2, Inc., and Midwest Asset Acceptance Group:*
Donald W. O'Brien, Jr.
John Kevin McAndrew
Woods Oviatt Gilman LLP
1900 Bausch & Lomb Place
Rochester, NY 14604

*For Defendant HSBC Bank:*
James P. Wright, Jr.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

*For Defendant Mark Swimelar:*
Edward J. Fintel
Office of the Chapter 12 Trustee
250 South Clinton Street – Suite 203
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiffs pro se Kirk and Patricia Herse bring this action alleging unlawful billing and collections processes against Defendant mortgage servicing companies and others in connection with the foreclosure against the "Herse Farm Property" located in Lowville, New York. (Dkt. No. 56). Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and allege violations of New York Penal Law and the United States Constitution. (*Id.*). Presently before the Court are motions to dismiss by Defendant Mark Swimelar, Defendants Timothy P. Sheehan, John Michael Himmelberg, Justin Lovendusky, Midwest Servicing Inc., Midwest Servicing 2, Inc., and Midwest Asset Acceptance Group (collectively the "Midwest Defendants"), and Defendant HSBC Bank under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim. (Dkt. Nos. 59, 60, 62). Plaintiffs have opposed Defendants' motions. (Dkt. No. 66). Defendants have filed replies. (Dkt. No. 68, 69, 70). For the reasons that follow, Defendants' motions are granted and the Amended Complaint is dismissed.

**II.   BACKGROUND**

    **A.    Procedural History**

In the Original Complaint, Plaintiffs asserted claims of wrongdoing associated with the foreclosure and sale of the "Herse Farm Property." (Dkt. No. 1). In a Memorandum-Decision and Order issued on December 12, 2024, ("December Order"), the Court summarized, at length, the allegations in the complaint and those materials outside the complaint it found appropriate for consideration. (Dkt. No. 53, at 6–16). Because Plaintiffs sued Defendant Swimelar for acts taken

in his capacity as a trustee in bankruptcy and failed to allege that they obtained leave of the United States Bankruptcy Court for the Northern District of New York prior to suit, the Court granted Defendant Swimelar's motion to dismiss. (Dkt. No. 53, at 18–19 (explaining that "under the *Barton* doctrine, a '[p]laintiff must first seek leave from the bankruptcy court before filing a lawsuit against the trustee.'" (quoting *Amelio v. Morris*, No. 19-cv-8696, 2019 WL 5294931, at *2, 2019 U.S. Dist. LEXIS 180829, at *3–4 (S.D.N.Y. Oct. 18, 2019))). The Court dismissed, without leave to replead, all claims seeking to "halt" the Amended Judgment of Foreclosure and Sale entered in Lewis County Supreme Court in 2012, as barred by the *Rooker-Feldman* doctrine but concluded that to the extent Plaintiffs seek damages for Defendants' allegedly fraudulent billing practices or submissions in various court proceedings, their claims were not barred. (*Id.* at 19–22). However, insofar as Plaintiffs alleged a RICO claim in connection with Defendants' allegedly fraudulent conduct, the Court found Plaintiffs failed to allege a plausible claim for relief and granted Defendants' motion to dismiss Plaintiffs' RICO claim. (*Id.* at 22–26). Finally, even construing Plaintiffs' pro se complaint and submissions liberally, the Court found Plaintiffs failed to allege that any named Defendant violated the FDCPA. (*Id.* at 27–28 (noting that Plaintiffs failed to "indicate in their Complaint, or in any submission, which FDCPA requirement any Defendant has allegedly violated" and that, in any event, the "Complaint's allegations regarding the FDCPA are devoid of factual detail and therefore fail to provide any basis for inferring which provision might be at issue")). In light of Plaintiffs' pro se status, the Court granted Plaintiffs leave to file an amended complaint as to their claims against Defendant Swimelar and their RICO and FDCPA claims. (*Id.* at 28–30).

### B.   Amended Complaint[1]

The allegations in the Amended Complaint are materially similar to those in the Original Complaint and contain few factual details. The following facts are set forth as alleged in the Amended Complaint.

On or about July 26, 2002, Plaintiffs purchased the Herse Farm Property for $250,000. (Dkt. No. 56, at 12). Beginning in or about 2002 and continuing to the present, Defendants have "refused, blocked, [and] obstructed" Plaintiffs from receiving "data records and information . . . making it impossible to determine an accurate statement of any monies paid to or that may be outstanding as debt on the Farm." (*Id.* at 2). Defendants have "add[ed] fictitious fraudulent charges, unearned attorneys fees, unneeded forced placed insurances, unperformed fictitious property preservation services and improper interest . . . to the Herse Farm Property." (*Id.* at 1–2). As a result, Plaintiffs sought "Chapter 12 Bankruptcy protection to reconcile and get verified and audited financial records and files" from Defendants in order to determine "debts owed." (*Id.* at 2).

On or about April 17, 2024, the referee appointed to sell the Herse Farm Property refused to provide a "payoff amount" and, at the foreclosure sale, refused to provide Plaintiffs with the "routing and bank information" they needed to remit their "winning bid to settle accounts with these Defendants and maintain their family home and farm." (*Id.* at 2). The referee "instead accepted an inferior and losing bid over the Plaintiff's [sic] superior bid, hundreds of thousands in excess of actual amounts . . . owing." (*Id.*). "At no time have [Plaintiffs] ever owed $491,832.66 against their Farm" and have "never borrowed this amount." (*Id.* at 11).

---

[1] The facts are drawn from the Amended Complaint. (Dkt. No. 56). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of N.Y.*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions asserted therein, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

4

The Amended Complaint alleges five "counts": (1) a pattern of fraudulent increasing the debt of the Herse farm "in an effort to steal the Herse Farm"; (2) use of the United States Postal Service "since at least 2015 and continuing currently" to fraudulently bill Plaintiffs and use "false accounting of mortgage payments," to "cheat" Plaintiffs "out of their farm"; (3) use of the United States Postal Service to "perpetrate this attempted conversion of the Herse Property"; (4) violation of RICO; and (5) violation of Plaintiffs' "property, due process and equal protection rights," and the "theft of the Herse Farm . . . and property protected by the 4th and 5th amendment of the United States Constitution." (*Id.* at 3–5).

## III.   STANDARD OF REVIEW

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of Appeals*, No. 21-cv-49, 2021 WL 5040236, at *3, 2021 U.S. Dist. LEXIS 209018, at *8 (N.D.N.Y. Oct. 29, 2021) (citation omitted). A motion to dismiss based on an abstention doctrine is considered a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), *City of New York v. Milhelm Attea & Bros.*, Inc., 550 F. Supp. 2d 332, 341 (E.D.N.Y. 2008), as is a motion to dismiss under the *Rooker-Feldman* doctrine, *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018). A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true[] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). The Court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No.

20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (citations omitted).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face,'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint of a plaintiff proceeding pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

IV.   DISCUSSION

   A.   *Barton* Doctrine

Defendant Swimelar seeks dismissal under the *Barton* Doctrine, on the ground that Plaintiffs failed to obtain leave from the bankruptcy court to sue him in his capacity as trustee. (Dkt. No. 59-1, at 6–7). Plaintiffs oppose dismissal arguing that Defendant Swimelar is not immune from suit. (Dkt. No. 66, at 4–5). The Court discussed the legal principles regarding the *Barton* doctrine in the December Order, (Dkt. No. 53, at 18–19), and does not repeat them here. Plaintiffs fail to allege in the Amended Complaint that they have obtained leave from the

bankruptcy court to file suit against Defendant Swimelar. Accordingly, Defendant Swimelar's motion to dismiss is granted.

### B. RICO Claims

Defendants move for dismissal of Plaintiffs' RICO claims on the ground that the Amended Complaint fails to allege facts that allow a plausible inference that any Defendant violated the RICO statute. (Dkt. No. 60-1, at 9–11; Dkt. No. 62-1, at 10–11). Plaintiffs oppose dismissal but do not address the merits of Defendants' arguments. (Dkt. No. 66).

In its December Order, the Court discussed the RICO statute, 18 U.S.C. § 1962(c), and outlined the elements a plaintiff must allege to state a RICO claim. (Dkt. No. 53, at 23–24). The Court incorporates this discussion by reference and does not restate it here. In concluding that the Original Complaint failed to state a RICO claim, the Court noted that "none of Plaintiffs' submissions directly name any Defendant in connection with the alleged racketeering activities," and did not allege any racketeering activity beyond general allegations of "fraudulent billing and collection activity through the USPS and Bankruptcy Court." (*Id.* at 25). As Defendants note, the Amended Complaint fails to cure either of these deficiencies. (Dkt. No. 62-1, at 11 (arguing that "other than including language from the RICO statute" the amended complaint contains "virtually no factual allegations to suggest how and what way [Defendants] violated the statute")). The Amended Complaint alleges that Defendants "fraudulently increase[ed]/ padd[ed] and inflat[ed] the alleged debt figures against" the Herse Farm Property and Defendants "have employed the US Mails to falsely and fraudulently bill the Herses and using false accounting of mortgage payments," in order to "steal by larceny [and] to falsely convert the property the Herse Farm to themselves." (Dkt. No. 56, at 3). However, as Defendants note, these allegations are conclusory. Further, they provide no factual details fail to describe the alleged fraud "with particularity," *see Lynch v. Amoruso*, 232 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) (explaining that

"[a]llegations of mail fraud, including allegations [of fraud in connection with racketeering activity], are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)") (Nathan, J.) (citing 18 U.S.C. § 1961(1)), and, even construed liberally, contain no facts suggesting that Defendants engaged in an agreement to commit RICO violations, *see*, *e.g.*, *Campos v. Lavinsky*, No. 22-cv-1278, 2022 WL 16950054, at *3, 2022 U.S. Dist. LEXIS 206208, at *6–7 (E.D.N.Y. Nov. 14, 2022) ("Conclusory allegations of a conspiracy that 'rest on rank speculation' are insufficient to support a claim under RICO." (quoting *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020))). Accordingly, Defendants' motion to dismiss Plaintiffs' RICO claims is granted.

    **C.**    **FDCPA**

Defendants move to dismiss Plaintiffs' FDCPA claim for failure to allege a plausible claim for relief. (Dkt. No. 60-1, at 9–11; Dkt. No. 62-1, at 11–12). Plaintiffs oppose dismissal motion but do not address the merits of Defendants' arguments. (Dkt. No. 66).

In the December Order, the Court outlined the FDCPA and the elements a plaintiff must allege to state a claim for relief. (Dkt. No. 53, at 27–28). The Court incorporates that discussion and does not repeat it in this Order. As with the Original Complaint, the Amended Complaint fails to allege facts from which the Court, even construing their submissions liberally, could infer a violation of the FDCPA.[2] (*Id.*). The Amended Complaint does not provide any additional factual allegations that would allow a plausible inference that any named Defendant was a debt collector or violated the FDCPA. But even assuming the Midwest Defendants began servicing Plaintiffs' mortgage after it was in default and are thus debt collectors under the FDCPA, *see*

---

[2] The amended complaint does not even refer to the FDCPA, but construing Plaintiffs' allegations to raise the strongest claims they suggest, the Court nonetheless considers whether they allege sufficient facts to state a plausible claim for relief under the FDCPA.

*Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 302 (E.D.N.Y. 2016) (explaining that a "mortgage servicer is a 'debt collector' within the meaning of the FDCPA if the mortgage was in default at the time the servicer began servicing the debt"), the Amended Complaint fails to identify any conduct by any Defendant that violated the FDCPA. In granting leave to amend in the December Order, the Court specifically advised Plaintiffs that an amended complaint "must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual or Defendant who committed each alleged wrongful act." (Dkt. No. 53, at 29). But aside from listing Defendants in the caption (and one reference to HSBC in connection with a 2002 document),[3] (Dkt. No. 56, at 1, 12), Plaintiffs have not named any Defendant anywhere in the amended complaint or indicated which Defendant acted in violation of the FDCPA, *see Buczek v. Seterus LLC*, No. 16-cv-268, 2019 WL 4118649, at *4, 2019 U.S. Dist. LEXIS 147516, at *8–9 (W.D.N.Y. Aug. 29, 2019) (dismissing FDCPA claims where, "despite having the benefit of this Court's instruction on how to do so," the plaintiffs failed to name the defendants anywhere other than the caption of the amended complaint and the defendants were not "alleged to have taken any action in violation of the FDCPA"). Accordingly, Defendants' motion to dismiss Plaintiffs' FDCPA claims is granted.

### D. Other Claims

As to the remainder of the Amended Complaint, the Court notes that Plaintiffs also allege criminal conversion, fraud, and larceny as well as constitutional violations. (Dkt. No. 56, at 4–6). To the extent Plaintiffs attempt to reassert claims seeking review, rejection, or relief from the

---

[3] Any claim arising from the 2002 HSBC document is barred by the statute of limitations. *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019) ("[A]n FDCPA claim must be brought within one year from the date on which the violation occurs.") (internal quotation marks omitted).

2012 Amended Judgment of Foreclosure and Sale such claims were dismissed without leave to replead, (Dkt. No. 53, at 30), and are, therefore, again dismissed.

Regarding Plaintiffs' assertions that Defendants engaged in criminal activity, as the Court previously explained, there is no private right of action for a violation of New York Penal Law. (Dkt. No. 53, at 11 n.8); *see Patterson v. Patterson*, No. 16-cv-00844, 2019 WL 1284346, at *7, 2019 U.S. Dist. LEXIS 46167, at *19 (W.D.N.Y. Mar. 20, 2019) ("Courts within this Circuit have . . . held consistently that criminal charges under New York law 'cannot be prosecuted by a private person.'" (quoting *Christian v. Town of Riga*, 649 F. Supp. 2d 84, 91 (W.D.N.Y. 2009)). Accordingly, any claims asserted under New York Penal Law are dismissed for failure to state a claim.

Finally, as to the alleged constitutional violations, as Defendant HSBC notes, (Dkt. No. 60-1, at 10 n.2), it is well-settled that a plaintiff alleging a violation of her constitutional rights under Section 1983 must show state action, *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012); *see* 42 U.S.C. § 1983 (imposing liability on persons who act "under color of any [state] statute, ordinance, regulation, custom, or usage"). While private parties generally are not state actors, their conduct can be attributed to the state for Section 1983 purposes if "(1) the State compelled the conduct [the "compulsion test"], (2) there is a sufficiently close nexus between the State and the private conduct [the "joint action test" or "close nexus test"], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the state [the "public function test"]." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). The "fundamental question" for each test is whether the private party's conduct is "fairly attributable" to the state such that it bears responsibility. *Fabrikant*, 691 F.3d at 207. There is

nothing in Plaintiffs' allegations, read liberally, to suggest that Defendants are anything other than private entiies. Accordingly, Plaintiffs' constitutional claims are dismissed.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motions to dismiss (Dkt. Nos. 59, 60, 62) are **GRANTED**; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 56) is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: September 23, 2025
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge